WILLARD HALL BRADFORD, Administrator *d. b. n. c. t. a.* of the
Will of Junia K. Dwight, Deceased,

*vs.*

FIDELITY TRUST COMPANY, Executor under the Last Will and
Testament of Harriet C. Prevost, Deceased.

*New Castle, Oct.* 26, 1918.

The principal of testamentary trust fund and the equitable income payable to life beneficiaries upon delivery of trust funds from executor to trustee are ascertained by determining what sum if invested at time of testator's death at four and one-half per cent. interest, would at the time trustee received money, together with interest, amount to sum received; the amount of investment being principal of trust fund, and the interest being equitable income due life beneficiaries.

The separation of equitable income from principal, where there are no payments from executor to trustee within the year following testator's death, should be as of the date of the closing of executor's final account, and not the date of passing the account.

BILL FOR INSTRUCTIONS by Willard Hall Bradford, administrator d. b. n. c. t. a. of the will of Junia K. Dwight, deceased, against the Fidelity Trust Company, a corporation of the State of Pennsylvania, executor under the last will and testament of Harriet C. Prevost, deceased. The facts appear in the Chancellor's opinion.

*Thomas F. Bayard,* for the complainant.

*Herbert H. Ward,* for the defendant.

THE CHANCELLOR. The bill filed by Willard Hall Bradford, administrator d. b. n. c. t. a. of Junia K. Dwight, deceased, for instructions raises the question as to the application of the rule established recently respecting equitable income for a life beneficiary of a trust estate.

By the bill of the representative of the Dwight estate it appears that by item IX of her will the testatrix after giving sundry legacies, gave all the rest of her estate to her executors in trust to keep the estate invested and out of the income or interest to pay certain sums; and by the eleventh paragraph of item IX to pay the balance of the yearly income or interest to her two

sisters, Harriet C. Prevost and Jane B. Porter, share and share alike, for their joint lives, and upon the death of either to the survivor for life. There was a disposition of the principal of the trust estate after the death of the survivor.

Junia K. Dwight, the testatrix, died May 4, 1915, and letters testamentary were soon thereafter granted to Harriet C. Prevost, the surviving executrix. No account was passed by the executrix, and on March 16, 1917, she was at her own request removed as executrix and Willard Hall Bradford was on the same day appointed administrator d. b. n. c. t. a. of Junia K. Dwight. On April 24, 1917, he passed a first and final account as such administrator and received as trustee under item IX $395,667.14. Harriet C. Prevost died on September 17, 1917, and the Fidelity Trust Company, a corporation of the State of Pennsylvania, became executor of her will. Instructions are asked by Willard Hall Bradford, the administrator d. b. n. c. t. a. of Junia K. Dwight with respect to the income applicable under paragraph 11 of item IX.

In the case of *Equitable Trust Co. v. Kent, et. al.*, 11 *Del. Ch.* 334, 101 *Atl.* 875, the rule was established that where a testator gave pecuniary legacies and the residue to a trustee in trust for his widow and son for life, with remainder over, and gave to the executor power to sell real estate; and the executor sold productive and unproductive real and personal estate, collected income consisting of rents, interest and dividends, and paid debts and legacies of the decedent, the life beneficiaries are entitled to have equitable income for the first year after the death of the testator; that said income is to be ascertained by determining what sum, if it had been invested from the death of the testator for one year at the rate of four and one-half per centum per annum would with interest amount to the sum of money received by the trustee, the larger sum being principal for the remainderman and the smaller one income for the life tenant. The rule as to calculating the first year's income for life beneficiaries under a will is limited, of course, to gifts of the residuary estate, or of an undivided part thereof. Theoretically the estate of the testator is settled within or at the end of the year from granting letters testamentary, and usually these letters are granted within a short time after the death of the testator. Of

course, theoretically the amount of the residue cannot be ascertained until the estate is settled by a final account. In case the final account is passed at the expiration of the year from the death of the testator, the problem of ascertaining the first year's income is simple, the rule adopted as to the Kent will being applied, and thereafter the beneficiary receives the income actually received on the investments of the principal as so ascertained by use of the rule.

In case the executor during the year from the death of the testator pays money or delivers other assets of the decedent to the trustee as part of the residuary estate (as a dutiful executor should do if it can be done with reasonable degree of safety), the trustee should then separate equitable income from principal as to the property received by the use of the rule. Of course, the figures constituting the divisor will not be 1.045, but a part thereof proportioned to the time elapsed since the death of the testator. For example, if the trustee receives a sum of money at the expiration of six months from the death of the testator, the divisor would be 1.0225.

The same principle is to be applied as to payments on account of residue made after the expiration of the year, because in no other way can the life beneficiary receive income from the death of the testator. Therefore, if, for example, the trustee receives money on account of the residuary estate at the expiration of two years from the death of the testator, the divisor for the sum so received would be 1.09.

In brief, when and as the residuary estate is received by the trustee, whether as a whole or at different times in different parts, or whether received during or after the expiration of the first year from the death of the testator, the rule is to be applied, the divisor used in separating equitable income from principal being varied according to the time which elapses from the death of the testator; the rate being four and one-half per centum per annum.

This was done recently by the trustee under the will of James Harvey Spruance, M. D., in an account approved by me, where there were payments of part of the residue during and after the expiration of the year, the divisor being varied in proportion to the lapse of time from the death of the testator.

The rule and the method of applying it to cases where the residue is not officially ascertained by a final account until after the lapse of the year from the death of the testator is fair to the successive interests. The life beneficiary receives income from the death of the testator as though the money constituting the residue as subsequently ascertained had been paid to the trustee the day after the death of the testator and immediately invested by the trustee as trust funds should be invested, which being conservative and safe are not productive of the higher rate of income realizable on other kinds of investments. If the assets of the decedent which constituted the residuary estate produced income in the hands of the executor at a larger rate than that stated in the rule, then the beneficiary in remainder would be benefited, and a different situation would show a disadvantage to the remainderman. But in the long run there would be little or no injustice to either of the successive interests by adopting the rule. Any gross injustice which would result from an application of the rule would be remediable.

In order to apply the rule accurately the separation of equitable income from principal in case there be no payments to the trustee within the year, should be as of the date of the closing of the final account by the executor, and not the date of passing the account, for there may be between those dates receipts by the executor which should be considered in the calculation. If the date of closing the account be not ascertainable, the date the last item of receipt by the executor should be adopted.

With respect to the will of Mrs. Dwight, the amount of the residuary estate having been determined on April 24, 1917, and the portion thereof affected by paragraph 11 of item IX having been ascertained, the separation of equitable income from principal is made as of April 24, 1917, which was one year, eleven months and twenty-one days from the death of the testatrix on May 4, 1915. The divisor is, therefore, to be based on that interval of time at the rate of four and one-half per centum for a whole year.

The income to April 24, 1917, so ascertained is payable to Mrs. Prevost and Mrs. Porter in equal shares. After June 25, 1917, to the death of Mrs. Prevost, September 17, 1917, the income

actually received by the trustee was divisible in the same way. After September 17, 1917, the whole of the actual income was payable to Mrs. Porter.

Let a decree be entered accordingly.